IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARON GIBSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| OFFICER JONATHAN GUZMAN, | ) |
| STAR# 15766; | ) |
| OFFICER DAVID ROLDAN, | ) Jury Trial Demanded |
| STAR# 15066; | ) |
| and THE CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

COUNT I- EXCESSIVE FORCE

JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§ 1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiffs

constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resides in Chicago, Illinois.

6. Defendants, GUZMAN and ROLDAN, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of defendants, GUZMAN and ROLDAN.

## THE FOURTH AMENDMENT VIOLATION

8. On January 23, 2019, Plaintiff was a passenger in a vehicle at or near 5531 W. Bloomingdale Ave in Chicago, Illinois.

9. Defendants allegedly observed plaintiff not utilizing his seat belt.

10. Defendants conducted a traffic stop of the vehicle and requested an J.D. from the plaintiff.

11. Plaintiff had an outstanding warrant on a pending DUI charge in Cook County.

12. Defendants placed Plaintiff under arrest on the outstanding DUI warrant.

13. Plaintiff was transported to the 25th District by unknown uniformed officers.

14. During his custodial search, Officer Deumic, Star # 7160, allegedly discovered multiple zip lock baggies allegedly containing suspect PCP.

15. Officer Deumic, Star # 7160 notified the Defendants of the custodial search

results.

16. Defendants, upon learning that suspect PCP was allegedly found on the Plaintiff during the search by Officer Deumic confronted the Defendant in a secure interrogation room in the 25th District.

17. When the defendants confronted the Plaintiff, Plaintiff had one wrist handcuffed to a bar attached to the wall in the room.

18. Upon entering the secure interrogation room containing the Plaintiff the Defendants proceeded to hand cuff the Plaintiff's free hand.

19. With both hands cuffed to a bar in the interrogation room the Defendant's proceeded to remove the Plaintiff's right shoe.

20. Upon the removal of the Plaintiff's right shoe the Defendants proceeded to place dry ice in the Plaintiff's right shoe and then forced the right shoe on the Plaintiff's right foot as a means to inflict pain and suffering on the Plaintiff.

21. The dry ice then caused excruciating pain to the Plaintiff's right foot/heel.

22. The Defendants then charged the Plaintiff with possession of a controlled substance.

23. The Plaintiff upon reaching the Cook County criminal courts complex attended a bond hearing on the possession charge and the DUI warrant.

24. No ticket was ever issued to the Plaintiff for failure to wear a seat belt.

25. Plaintiff had to be assisted to the bond hearing due to the severe pain in his

right foot.

26. The office of the Public Defender represented the Plaintiff at the bond hearing.

27. An employee of the office of the Public Defender took photos of the Plaintiff's right foot/heel.

28. Plaintiff was given an I bond on the possession charges but was being held on the outstanding DUI warrant.

29. After the bond hearing the Plaintiff was taken to Cermak Health Services on the grounds of the Cook County Jail.

30. The personnel that saw the Plaintiff at Cermak Health Services ordered the Plaintiff to be taken to Stroger Hospital for treatment of his right foot/heel injuries caused by the dry ice.

31. Upon completion of the treatment at Stroger Hospital, Plaintiff was returned to the Cook County Jail on the DUI warrant.

32. The charges of Possession of a Controlled Substance were dismissed on February 20th, 2019.

33. Plaintiff at no time relevant to this complaint, struck, attempted to strike, resisted, and/or attempted to flee either of the Defendants.

34. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff suffered actual harm.

Wherefore, Plaintiff Laron Gibson prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the

Defendants and pre judgment interest and all other relief to which Plaintiff is entitled under law.

## COUNT II- STATUTORY INDEMNIFICATION

1-34. Plaintiff re-alleges paragraphs 1-34 of Count I as paragraphs 1-34 of Count II.

35. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

36. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs and attorney's fees and pre judgment interest and all other relief to which he is entitled under law against the City of Chicago.

    Respectfully submitted,

    S/ Kevin Peters
    KEVIN PETERS
    Attorney for Plaintiff
    53 W. Jackson Blvd, Suite 1615
    Chicago, Illinois 60604
    312-697-0022
    ARDC# 6184460

    ROBERT COHEN
    Attorney for Plaintiff
    53 W. Jackson Blvd, Suite 1615
    Chicago, Illinois 60604
    312-759-9600
    ARDC# 6193698